UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MISTY D., | |
| Plaintiff, | 3:18-cv-206 |
| vs. | 3:19-cv-1579 |
| | (MAD) |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, | |
| Defendant. | |

---

**APPEARANCES:**                                    **OF COUNSEL:**

**OLINSKY LAW GROUP**                         **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street
Ste 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **PETER W. JEWETT, ESQ.**
**REGIONAL GENERAL COUNSEL**
Region II
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On March 21, 2014, Plaintiff filed an application for Title II Social Security Disability Insurance. *See* Administrative Transcript ("Tr.") at 89. Plaintiff's claim was initial denied on July 14, 2014. *See id.* On December 19, 2014, Plaintiff also filed an application for Title XVI Supplemental Security Income benefits. *See id.* at 228. In both claims, Plaintiff alleged a disability onset date of January 8, 2013, due to bipolar disorder with major depressive episodes, anxiety with panic attacks, and migraine headaches. *See id.* at 221, 228, 294. Following hearings

on two separate days, on September 19, 2016, Administrative Law Judge ("ALJ") John P. Ramos issued an unfavorable decision. *See id.* at 98-115. Plaintiff appealed that decision, and on September 6, 2018, this Court issued a judgment on consent of the parties remanding this matter to the Commissioner for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g). Following a new hearing, on October 18, 2019 ALJ Ramos issued an unfavorable decision. *See id.* at 4-16.

In his decision, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2019, and has not engaged in substantial gainful activity since the January 8, 2013 alleged onset date. *See* Tr. at 6. The ALJ found Plaintiff has the severe impairments of depression, anxiety, personality disorder, and alcohol abuse, none of which, alone or in combination, meet or medically equal the severity of a listed impairment. *See id.* at 6-7. The ALJ also found Plaintiff has the residual functional capacity ("RFC") to perform a range of work at all exertional levels, but with the following non-exertional limitations:

> [Plaintiff] retains the ability to understand and follow simple instructions and directions, perform simple tasks with supervision and independently, and maintain attention and concentration for simple tasks and regularly attend to a routine and maintain a schedule. [Plaintiff] can relate to and interact with co-workers and supervisors on an occasional basis to the extent necessary to carry out simple tasks; *i.e.*, she can ask for help when needed, accept instructions or criticism from supervisors, handle conflicts with others, state their point of view, initiate or sustain a conversation, and understand and respond to physical, verbal, and emotional cues associated with simple work, but should avoid work requiring complex interaction, negotiation, or joint efforts with co-workers to achieve work goals, and she can have occasional simple interaction with the public. [Plaintiff] can handle reasonable levels of simple work-related stress in that she can make decisions directly related to the performance of simple work. She should work in a position where she is not responsible for the work or required to supervise others.

*Id.* at 9.  The ALJ further determined that Plaintiff was not capable of performing any past relevant work, but could perform work in the national economy as a laundry worker, entry-level dishwasher, and entry-level final assembler.  *See id.* at 15-16.  Therefore, the ALJ determined that Plaintiff is not disabled.  *See id.* at 16.

Plaintiff bypassed written exceptions, thus rendering the ALJ's decision the final decision of the Commissioner once the Appeals Council did not review the claim on the merits.  *See* 20 C.F.R. §§ 404.984(c)-(d), 416.1484(c)-(d).  On April 29, 2020, Plaintiff moved to reopen this case, seeking review of the October 18, 2019 decision.  *See* Dkt. No. 17.

In her motion for judgment on the pleadings dated November 8, 2021, Plaintiff initially contends that the ALJ's RFC is unsupported by substantial evidence because the ALJ failed to properly evaluate the opinion of Plaintiff's treating physician Dr. Cruz, as supported by that of nurse practitioner Rivenburgh, in accordance with the regulations, and provided flawed reasoning for dismissing the opinion.  *See* Dkt. No. 33 at 14-23.  Thereafter, Plaintiff contends that, having rejected the opinion of Dr. Cruz, the ALJ erred in failing to reconcile the RFC with the opinion of consultative examiner Dr. Long.  *See id.* at 23-25.  Finally, in the alternative, Plaintiff contends that her case was adjudicated by an improper and unconstitutionally-appointed ALJ, and should be remanded for a new hearing with a different and constitutionally-appointed ALJ.  *See id.* at 25-26.

In response, the Commissioner opposes Plaintiff's contention that she is entitled to judgment in her favor and remand to the Commissioner solely for calculation of benefits.  *See* Dkt. No. 34 at 2.  The Commissioner, however, agrees that Plaintiff is entitled to remand for her case to be heard before a different, constitutionally-appointed ALJ, not previously associated with this case.  *See id.*

3

As set forth below, this matter is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).

## II. DISCUSSION

In *Lucia v. S.E.C.*, ___ U.S.___, 138 S. Ct. 2044 (2018), the Supreme Court held that ALJs with the Securities and Exchange Commission ("SEC") exercised "significant discretion" in carrying out "important functions" and were therefore required under the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, to be appointed by the President, a court of law, or a head of department.  *See Lucia*, 138 S. Ct. at 2053 (citation omitted).  Because the ALJs of the SEC were not so appointed, the petitioner in *Lucia* was entitled to a new hearing before a different, constitutionally-appointed ALJ.  *See id.* at 2055.  In response to *Lucia* and in light of an executive order concluding that "at least some — and perhaps all — ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause," Exec. Order No. 13,843, 83 Fed. Reg. 32,755 (July 13, 2018), the Acting Commissioner of Social Security conceded the premise and in short order reappointed the agency's administrative judges, including both the ALJs and the Administrative Appeals Judges ("AAJs") of the SSA's Appeals Council, under her own authority.

In *Carr v. Saul*, ___ U.S.___, 141 S. Ct. 1352 (2021), it was agreed that, like the ALJs at issue in *Lucia*, the ALJs of the Social Security Administration who decided the petitioner's case were unconstitutionally appointed because they had been selected by lower level staff rather than appointed head of the agency.  *Id.* at 1357.  At issue in *Carr* was whether the petitioner had forfeited any Appointments Clause challenges by failing to raise them before the agency.  *See id.*  The Supreme Court rejected the Commissioner's position and held that the petitioner was not required to exhaust an Appointments Clause challenge during the administrative proceedings to

preserve the claim for judicial review and that such claims raised in the first instance before the district court are timely.  *See id.*

In the present matter, since Plaintiff was not required to raise her Appointments Clause challenge before the SSA, it is not forfeited.  Moreover, as the Commissioner concedes, ALJ Ramos was unconstitutionally appointed at the time he took testimony and rendered his first decision in 2016.  *See* Tr. at 62, 81, 98.  The subsequent attempt to cure that defect when Commissioner Berryhill reappointed all of the agency's ALJs did not cure that defect as the ALJ, having already heard the case, "cannot be expected to consider the matter as though he had not adjudicated it before."  *Lucia*, 138 S. Ct. at 2055.  As such, under *Lucia*, the only "'appropriate' remedy for [a claim] tainted with an appointments clause violation is a new 'hearing before a properly appointed official.'"  *Id.*  As such, the Court grants the portion of Plaintiff's motion for judgment on the pleadings seeking remand of this case for a new hearing with a different and constitutionally-appointed ALJ.[1]

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **GRANTED in part**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings is **DENIED as moot**; and the Court further

---

[1] Since this case is being remanded based on Plaintiff's Appointments Clause challenge, the Court declines to address the other arguments raised in Plaintiff's motion.

5

**ORDERS** that the Commissioner's decision denying Plaintiff benefits is **VACATED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 21, 2022
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge